UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

                Plaintiff,

      v.

ALBERTO MARTE,

                Defendant.

19-CR-795 (SHS)

MEMORANDUM & ORDER

SIDNEY H. STEIN, U.S. District Judge.

    On March 27, 2020, the Court held a telephone conference regarding defendant's application pursuant to 18 U.S.C. § 3142(i) for temporary release from custody during the current Covid-19 pandemic. (ECF No. 93.) The Court has reviewed the government's opposition (ECF No. 94) and defendant's replies. (ECF No. 95, 98.)

    18 U.S.C. § 3142(i) provides that, where a detention order has been issued, "a judicial officer may, by subsequent order, permit the temporary release of the person, in the custody of a United States marshal or another appropriate person, to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense or for another compelling reason." Compelling reasons may exist where the defendant's serious medical conditions warrant release. (*See, e.g., United States v. Rebollo-Andino*, 312 F. App'x 346, 348 (1st Cir. 2009) (explaining that a defendant who is denied bail "retains the ability to request[,] . . . in extraordinary circumstances, . . . temporary release under § 3142(i)" should future developments with respect to his medical conditions so warrant).)

    Pursuant to 18 U.S.C. § 3142(i), the Court concludes that, in the absence of any evidence that defendant has a special condition making him substantially vulnerable to Covid-19, the pandemic alone, which is affecting the community in its entirety, is not a compelling reason warranting release at this point in time. Defendant is 42 years old and maintains that he is a long time smoker with an addiction to Percocet (*see* ECF No. 98) but does not purport to have preexisting medical issues.

    In addition, the allegations against Marte are substantial. Marte is the alleged leader of the oxycodone conspiracy that is charged in the indictment. (December 3, 2019 Tr. at 5:19-23.) The government conducted months of wiretaps on defendant's phone highlighting his running of the operation, which involved significant amounts of oxycodone. (*Id.* at

6:2-9.) Defendant sold oxycodone to undercover agents on at least seven occasions. (*Id*. at 6:12-18.) Indeed, he possessed 800 oxycodone pills when he was arrested. (*Id.*) In his post arrest statement, defendant admitted that he sold drugs for at least the past two years and had sold approximately 800 pills of oxycodone per day. (*Id.* at 6:15-18.) Defendant also admitted that he knew a gun was involved in his operation and is charged pursuant to 18 U.S.C. 924(c) for possessing and aiding and abetting possession of firearms. (*Id.* at 16:4-13.) The Court is also troubled by Marte's criminal history; he has a previous federal drug conviction in the Eastern District of New York and violated the terms of his federal supervised release. (*See Id.* at 17:8-24, 8:13-25.)

Because there is no justifiable reason for the Court to change its prior ruling that, based on the clear and convincing evidence against him, defendant has not overcome the presumption pursuant to 18 U.S.C. § 3142(e)(3) that no condition or combination of conditions will reasonably assure the appearance of defendant and the safety of the community, (*see id.* at 17:8-20), defendant's application is denied.

Dated: New York, New York
      March 30, 2020

SO ORDERED

_____
SIDNEY H. STEIN
U.S.D.J.